1   Amanda L. Groves (SBN: 187216)
    agroves@winston.com
2   Sean D. Meenan (SBN: 260466)
    smeenan@winston.com
3   WINSTON & STRAWN LLP
    101 California Street, 35th Floor
4   San Francisco, CA 94111-5802
    Telephone:    (415) 591-1000
5   Facsimile:    (415) 591-1400

6   Attorneys for Defendant
    DIAMOND FOODS, INC.

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD HALL, on behalf of himself and      )   **Case No. 3:14-CV-02148-MMC**
    others similarly situated,                  )
12                                              )   **DEFENDANT DIAMOND FOODS, INC.'S**
                      Plaintiff,                )   **NOTICE OF MOTION AND MOTION TO**
13                                              )   **DISMISS AND STRIKE COMPLAINT;**
              v.                                )   **MEMORANDUM OF POINTS AND**
14                                              )   **AUTHORITIES IN SUPPORT OF SAME**
    DIAMOND FOODS, INC., a Delaware             )
15  corporation, dba KETTLE FOODS, and DOES     )   Hearing Date: July 11, 2014
    1 through 10, inclusive,                    )   Time:          9:00 a.m.
16                                              )   Courtroom:     7, 19th floor
                      Defendant.                )   Judge:         Hon. Maxine M. Chesney
17                                              )
                                                )   Complaint Filed in State Court: April 2, 2014
18                                              )   Complaint Removed: May 9, 2014
                                                )
19                                              )
                                                )
20  _____ )

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that on July 11 at 9:00 a.m. Pacific time, or as soon thereafter as the matter may be heard in Courtroom 7, 19th Floor of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Diamond Foods Inc. ("Diamond") will, and hereby does, move this Court for an order dismissing with prejudice the Complaint (Docket Entry No. 1-1) of Plaintiff, Richard Hall, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and Rule 9(b) of the Federal Rules of Civil Procedure for failure to allege the circumstances constituting fraud with particularity, or in the alternative, to strike immaterial and impertinent allegations under Rule 12(f) of the Federal Rules of Civil Procedure.

Diamond moves on the following grounds:

1.    Plaintiff fails to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure by failing to allege the specific reduced-fat representation upon which he allegedly relied, and by failing to attach labels for each of the products in dispute;

2.    Plaintiff failed to plausibly allege that Plaintiff or a reasonable consumer would be misled by the representation that disputed chips are reduced fat;

3.    Plaintiff failed to plausibly allege that Plaintiff or a reasonable consumer would be misled by the representation that disputed chips are all natural;

4.    Plaintiff's claim for Restitution Based on Quasi-Contract / Unjust Enrichment should be dismissed because California does not recognize such a claim;

5.    Plaintiff fails to state a claim under the unlawful prong of the UCL by failing to allege reliance on the representations-at-issue (and Plaintiff's allegations that the allegedly misbranded foods are "legally worthless" should be stricken); and

6.    Plaintiff's unsupported claims regarding website and other promotional materials should be dismissed or stricken for:  (a) lack of Article III standing; (b) lack of statutory standing under the UCL, FAL, and CLRA, (c) failure to satisfy the pleading

DIAMOND'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

requirements of *Twombly* or *Iqbal*; and/or (d) failure to meet Rule 9(b)'s heightened pleading requirements for claims sounding in fraud.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support of the Motion and the Request for Judicial Notice filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing.

Dated:  May 30, 2014                          WINSTON & STRAWN LLP


                                              By:   */s/ Amanda L. Groves*
                                                    Amanda L. Groves
                                                    Attorneys for Defendant
                                                    DIAMOND FOODS, INC.

DIAMOND'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS & AUTHORITIES ............................................................ 1

I.     SUMMARY OF ARGUMENT ................................................................................... 1

II.    STATEMENT OF ISSUES ........................................................................................ 2

III.   STATEMENT OF ALLEGED FACTS ...................................................................... 3

IV.    LEGAL STANDARDS FOR MOTION TO DISMISS ............................................. 4

       A.     Rule 12(b)(6)................................................................................................ 4

       B.     Rules 9(b) ..................................................................................................... 5

       C.     Rule 12(f) ..................................................................................................... 6

V.     ARGUMENT .............................................................................................................. 6

       A.     Plaintiff Cannot State a Claim Based on Reduced Fat Chips Without Alleging
              which on the Various Alleged Reduced-Fat Representation(s) He Relied
              Upon.............................................................................................................. 6

       B.     The Complaint Should Be Dismissed Because Neither Plaintiff Nor a
              Reasonable Consumer Would Not Be Misled by the Challenged Labeling. ............... 8

              1.     Neither Plaintiff Nor a Reasonable Consumer Would Be Misled By the
                     "Reduced Fat" Representation. ......................................................... 9

              2.     Neither Plaintiff Nor a Reasonable Consumer Would Be Misled By the
                     "All Natural" Representation. ........................................................ 10

              3.     The Term "All Natural" Would Not Mislead a Reasonable Consumer
                     in this Context. ................................................................................ 12

       C.     Plaintiff's Vague Claims Regarding Website and Promotional Materials,
              Which Plaintiff Does not Allege to Have Read of Relied On, Should Be
              Stricken. ...................................................................................................... 14

       D.     Plaintiff Cannot State a Claim Under the Unlawful Prong of the UCL Without
              an Allegation of Reliance............................................................................. 15

       E.     Unjust Enrichment is Not a Cause of Action.............................................. 16

VI.    CONCLUSION......................................................................................................... 16

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-cv-02148-MMC)

Winston & Strawn LLP<br>101 California Street<br>San Francisco, CA 94111-5802

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ang v. Whitewave Foods Co.*,
  Case No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013)......................................9

*Anunziato v. eMachines, Inc.*,
  402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...........................................................................10, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................... passim

*Balser v. Hain Celestial Group, Inc.*,
  No. CV 13-05604-R, 2013 WL 6673617 (Dec. 18, 2013) ...............................................11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................3, 4, 15

*Brazil v. Dole Food Co.*,
  No. 12-cv-01831, 2013 WL 5312418 (N.D. Cal. Sep. 23, 2013) ................................7, 14, 15

*Brockey v. Moore*,
  107 Cal. App. 4th 86 (2003) ..................................................................................................8

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
  217 F. Supp. 2d 1028 (C.D. Cal. 2002) ................................................................................6

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  No. 11-15263, 2012 WL 1131526 (9th Cir. Apr. 5, 2012) ......................................................9

*Cel-Tech Communications v. Los Angeles Cellular Telephone Company*,
  20 Cal. 4th 163 (1999) ..........................................................................................................7

*Chambers v. Time Warner, Inc.*
  (2nd Cir. 2002) 282 F3d 147..................................................................................................5

*Chin v. General Mills, Inc.*,
  No. 12-2150, 2013 WL 2420455 (D. Minn. June 3, 2013)....................................................12

*Dvora v. Gen. Mills, Inc.*,
  No. CV 11-1074-GW(PLAx), 2011 WL 1897349 (C.D. Cal. May 16, 2011) .......................14

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................................................6

*Figy v. Amy's Kitchen*,
  No. 13-CV-03816-SI, 2013 WL 6169503 (N.D. Cal. Nov. 25, 2013) ..................................15

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) .................................................................7, 8, 14

*Gitson v. Trader Joe's Co.*,
  No. 13-cv-01333, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013) ..........................13

*Hairston v. So. Beach Beverage Co., Inc.*,
  2012 WL 1893818 ....................................................................................12

*Hameed v. IHOP Franchising, LLC*,
  No. 2:10-cv-02276, 2010 WL 4386705 (E.D. Cal. Oct. 28, 2010).....................2, 16

*Haskell v. Time, Inc.*,
  857 F. Supp. 1392 (E.D. Cal. 1994)..............................................................10

*Herrington v. Johnson & Johnson Consumer Cos., Inc.*,
  No. C 09–1597 CW, 2010 WL 3448531 (N.D. Cal. Sept.1, 2010) .......................6

*In re Apple & AT&T iPad Unlimited. Data Plan Litig.*,
  802 F. Supp. 2d 1070 (N.D. Cal. 2011) .........................................................16

*In re Ferrero Litig.*,
  794 F. Supp. 2d 1107 (S.D. Cal. 2011) ..........................................................14

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ......................................................................15

*Kane v. Chobani, Inc.*,
  No. 12-cv-02425, 2014 WL 657300 (N.D. Cal. Feb. 20, 2014) ....................7, 8, 14

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir.2009) .......................................................................6

*Kwikset Corp. v. Sup. Ct.*,
  51 Cal. 4th 310 (2011) ..............................................................................15

*Lavie v. Proctor & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) .......................................................................8

*Leadsinger, Inc. v. BMG Music Publishing*,
  429 F. Supp. 2d 1190 (C.D. Cal. 2005) ..........................................................5

*Leonhart v. Natures Path Food, Inc.*,
  No. 5:13-cv-0491, 2014 WL 1338161 (N.D. Cal. Mar. 31, 2014) .......................15

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..............................................................................7, 14

*Manzarek v. St. Paul Fire & Marine Ins., Co.*,
  519 F.3d 1025 (9th Cir. 2008) ......................................................................4

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5802

iii

*McKinnis v. Kellogg USA,*
   No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal., May 21, 2007)...........................................9

*Melchior v. New Line Prods., Inc.*,
   106 Cal. App. 4th 779 (2003) ..........................................................................................2, 16

*Morgan v. Wallaby Yogurt Co., Inc.,*
   No. 13-cv-00296, 2013 WL 5514563 (N.D. Cal. Oct. 4, 2013) ..........................................13

*Pelayo v. Nestle USA, Inc.*, No. 13-5213, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013) ..... passim

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*
   998 F2d 1192 (3rd Cir. 1993) ..............................................................................................5

*Ries v. Hornell Brewing Co., Inc.*,
   No. 5:10-cv-01139, 2011 WL 1299286 (N.D. Cal. Apr. 4, 2011)...............................1, 6, 7, 8

*Rooney v. Cumberland Packing Corp.,*
   No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ........................................8, 13

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ...........................................................................................5, 6

*Shaker v. Nature's Path Foods, Inc.,*
   Case No. CV-13-1138-GW, 2013 WL 679802 (C.D. Cal. Dec. 16, 2013) ..............................9

*Shwarz v. United States*,
   234 F.3d 428 (9th Cir. 2000) ..............................................................................................5

*Smith v. Allstate Ins. Co.*,
   160 F. Supp. 2d 1150 (S.D. Cal. 2001)................................................................................5

*Sugawara v. Pepsico, Inc.*,
   No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009)........................................9

*Surzyn v. Diamond Foods, Inc.*,
   No. 4:14-cv-00136 (N.D. Cal. May 28, 2014)....................................................................10

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ...........................................................................................5, 6

*Thomas v. Costco*,
   No. 5:12-cv-02908, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013)........................................5

*Thomas v. Costco*,
   No. 5:12-cv-02908, 2014 WL 1323192 (N.D. Cal. Mar. 31, 2014) ...............................15, 8

*Thurston v. Bear Naked, Inc.,*
   No. 3:11-CV-0189-H (BGS), 2013 WL 5664985 (S.D. Cal. July 30, 2013) .........................11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

*United States v. Corinthian Colleges*
   655 F. 3d 984 (9th Cir. 2011) ...................................................................5

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..........................................................5, 14

*Videtto v. Kellogg USA*,
   No. 2:08-cv-1324, 2009 WL 1439086 (E.D. Cal., May 21, 2009) ...........9

*Viggiano v. Hansen Natural Corp.*,
   944 F.Supp.2d 877 (C.D. Cal. 2013) ....................................................13

*Von Koenig v. Snapple Beverage Co.*,
   713 F. Supp. 2d 1066 (E.D. Cal. 2010)...................................................6

*Werbel v. Pepsico, Inc.*,
   No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010)........9

*Williams v. Gerber Prod. Co.*,
   552 F.3d 934 (9th Cir. 2008) .........................................................7, 8, 14

*Wilson v. Frito-Lay N. Am.*,
   961 F. Supp. 2d 1134 (N.D. Cal. 2013) ................................................15

**STATUTES**

Bus. & Prof. Code §§ 17200, et seq..........................................................4

Bus. & Prof. Code §§ 17500, et seq..........................................................4

Cal. Civ. Code §§ 1750, et seq..................................................................4

**OTHER AUTHORITIES**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (1990)),
   *rev'd on other grounds*, 510 U.S. 517 (1994)........................................6

56 Fed. Reg. 60421, 60421-22, 60466 (Nov. 27, 1991) .........................11

75 Fed. Reg. 63552-01.........................................................................2, 11

77 Fed. Reg. 62122 (Oct. 11, 2012).........................................................11

Fed. R. Civ. P. 8(a) ...................................................................................4

Fed. R. Civ. P. 9(b) ........................................................................ passim

Fed. R. Civ. P. 12(b)(6).........................................................................4, 5

Fed. R. Civ. P. 12(f) ..................................................................................6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

v

Fed. R. Civ. P. 12(f)(1) ...................................................................................................................6

U.S. Const., Art  III ............................................................................................2, 3, 14, 7

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-cv-02148-MMC)

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.    SUMMARY OF ARGUMENT**

The Complaint includes seven causes of action, each premised on the claim that Plaintiff and reasonable consumers were misled by reduced-fat or all-natural representations on certain Kettle Brand Chips and/or Tias! Tortilla Chips.  Diamond respectfully submits that these claims should be dismissed, in whole or in part, on the following grounds:

First, Rule 9(b) requires Plaintiff to allege the specific content of the false representations and detail those on which he relied, so Diamond can "defend against the charge." Here, the Complaint admits that different labels of reduced-fat chips contain substantively different reduced-fat representations, but the complaint never specifies which of representations were on the bag Plaintiff allegedly purchased or, which he actually read and relied upon, as required for compliance with Rule 9(b).  This is of the utmost importance here, as it may answer whether (1) the Complaint attempts to impose different and additional requirements than those set forth in the FDCA, which would preempt Plaintiff's claims;  (2) the safe- harbor doctrine prohibits Plaintiff's claims because the representations are "clearly permitted" by the FDCA; and (3) it is implausible that Plaintiff relied on the statement in the manner alleged.  If the answer to any of those questions is "yes", Plaintiff lacks standing to sue and the reduced fat claims all must be dismissed.  Similarly, the Complaint should be dismissed with respect to each product for which the Complaint does not attach a picture. *See Ries v. Hornell Brewing Co., Inc.*, No. 5:10-cv-01139, 2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) ("[T]o the extent the Plaintiffs seek to bring claims based upon other advertisements and marketing or based on other labels not before the Court, the motion [to dismiss] will be granted with leave to amend.")

Second, and regardless of which of the varying reduced-fat labels Plaintiff purchased,  it is implausible that the disputed labels misled Plaintiff or the reasonable consumer. As the label expressly compares the chips to "Regular Potato Chips," while never mentioning "Kettle Brand Alternatives," no reasonable consumer would have believed the chips have 40% less fat than "Kettle Brand alternatives," (as opposed to 40% less fat than "Regular Potato Chips").

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Third, Plaintiff's all-natural claims similarly fail to satisfy the reasonable consumer standard. Both the FDA and the FTC have declined to adopt a definition of the term "natural" because that term "may be used in numerous contexts and may convey different meanings depending on that context." *Pelayo v. Nestle USA, Incorporated*, No. 13-cv-00296, 2013 WL 5764644, at *5 (C.D. Cal. Oct. 25, 2013) (*citing* 75 Fed. Reg. 63552-01). In fact, the Complaint itself alleges four different definitions of this term. Without an objective definition of the phrase "All Natural," it is "implausible that a significant portion of the general consuming public of targeted consumers would be deceived" by the use of the term. *Id.* at *5 (internal quotations omitted). Moreover, in any event, Plaintiff fails to allege that a reasonable consumer have been deceived in the manner Plaintiff alleges, given that the label expressly discloses the presence of the ingredients at issue.

Fourth, Plaintiff's restitution cause of action fails for the additional reason that there is no such cause of action under California law. *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *Hameed v. IHOP Franchising, LLC*, No. 2:10-cv-02276, 2010 WL 4386705, at *3 (E.D. Cal. Oct. 28, 2010). And Plaintiff's claim under the UCL's unlawful prong fails because, contrary to Plaintiff's allegations, reliance is a necessary element of such a claim. Courts have rejected the theory that a Plaintiff can maintain such a claim by simply arguing that misbranded products are "not capable of being held and . . . [have] no economic value and [are] legally worthless."

Finally, Diamond moves to strike Plaintiff's vague and unsupported allegations regarding website and promotional materials. Plaintiff has not alleged that he viewed or relied on any such materials, and therefore, lacks Article III standing and/or statutory standing under the UCL, FAL, and CLRA. Further, the lack of any factual support regarding these materials falls well short of the relevant pleading standards.

Accordingly, Diamond's motion to dismiss and strike should be granted.

## II.    STATEMENT OF ISSUES

1.    Does Plaintiff fail to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure by failing to identify the reduced-fat representation upon which he allegedly relied and/or by failing to attach labels for each of the products

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

2

in dispute?

2.   Has Plaintiff failed to plausibly allege that he or the reasonable consumer would be misled by the representation that disputed chips are reduced fat?

3.   Has Plaintiff failed to plausibly allege that he or the reasonable consumer would be misled by the representation that disputed chips are all natural?

4.   Should Plaintiff's claim for Restitution Based on Quasi-Contract / Unjust Enrichment be dismissed because California does not recognize such a claim?

5.   Does Plaintiff fail to state a claim under the unlawful prong of the UCL by failing to allege reliance on the representations-at-issue, and thus, should the allegations that misbranded foods are "legally worthless" be stricken?

6.   Should Plaintiff's unsupported claims regarding website and other promotional materials be dismissed or stricken for:  (a) lack of Article III standing; (b) lack of statutory standing under the UCL, FAL, and CLRA, (c) failure to satisfy the pleading requirements of *Twombly* or *Iqbal*; and/or (d) failure to meet Rule 9(b)'s heightened pleading requirements for claims sounding in fraud?

## III.   STATEMENT OF ALLEGED FACTS

According to the Complaint, Plaintiff purchased Kettle Brand Barbecue Potato Chips, Kettle Brand Sea Salt Chips, Reduced Fat Sea Salt Chips, Kettle Brand Cheddar Beer, and Tias! Nacho Cheddar Chips (the "Purchased Products") from various markets in California.  (Compl. ¶ 47.) Plaintiff asserts that he read and relied on reduced-fat and/or all-natural representations on the packaging of the Purchased Products when making his purchasing decisions.  (*Id*. ¶¶ 48-49.)  The Complaint alleges that certain of the label representations did not comply with the FDCA (*id*. ¶¶ 14-45), and that thus, the products "were not capable of being sold or legally held and . . . had no economic value and were legally worthless" (*id.* ¶ 70).  However, although Plaintiff acknowledges the reduced-fat labels changed over time, he does not allege what the label he purchased stated in that regard.  (*See* Compl. ¶¶ 13, 40; *see also* Section V.A., *infra*.)

Plaintiff purports to represent the following two classes:  (1) "All persons in the United States or, alternatively, California who purchased [Kettle Chips bearing a "natural" or "all natural"

3

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

representation] from four years prior to the filing of the Complaint and continuing to the present";

and (2) "All persons in the United States or, alternatively, California who purchased [chips bearing a

"reduced fat" representation] from four years prior to the filing of the Complaint and continuing to

the present." (*Id.* ¶¶ 52-53.)  Plaintiff asserts the following causes of action:  (1) Unlawful Business

Practices in Violation of Business and Professions Code §§ 17200, et seq.;

(2) Unfair Business Practices in Violation of Business and Professions Code §§ 17200, et seq.;

(3) Fraudulent Business Practices in Violation of Business and Professions Code §§ 17200, et seq.;

(4) Misleading Advertising in Violation of Business and Professions Code §§ 17500, et seq.;

(5) Untrue Advertising in Violation of Business and Professions Code §§ 17500, et seq.;

(6) Violation of the Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.; and

(7) Restitution Based on Quasi-Contract / Unjust Enrichment.

## IV.    LEGAL STANDARDS FOR MOTION TO DISMISS

### A.    Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a

complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

For a complaint to adequately state a claim for relief, a plaintiff must allege enough facts to render

the claim facially plausible, not just conceivable.  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While a complaint . . . does not need detailed

factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do.  Factual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and citations

omitted); *see also Iqbal*, 556 U.S. at 663 ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.").

For purposes of ruling on a Rule 12(b)(6) motion, courts generally "accept factual allegations

in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

party." *Manzarek v. St. Paul Fire & Marine Ins., Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But a

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

4

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

court need not accept as true allegations that are contradicted by judicially noticeable facts.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Courts may consider documents outside the pleadings if:  (1) the complaint refers to such document; (2) the document is "central" to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion. *United States v. Corinthian Colleges*  655 F. 3d 984, 999 (9th Cir. 2011); *Chambers v. Time Warner, Inc.* (2nd Cir. 2002) 282 F3d 147, 153, fn. 3; *see also Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.* 998 F2d 1192, 1196 (3rd Cir. 1993) (a plaintiff cannot survive a motion to dismiss "simply by failing to attach a dispositive document on which it relied.").[1]

Although a motion to dismiss may be granted with leave to amend, leave to amend is not required where "any amendment would be futile."  *See Leadsinger, Inc. v. BMG Music Publishing*, 429 F. Supp. 2d 1190, 1197 (C.D. Cal. 2005).

**B.     Rules 9(b)**

A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).  In such cases, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made."  *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted).

This heightened pleading standard applies to food-labeling claims like those at issue here. *See Thomas v. Costco*, No. 5:12-cv-02908, 2013 WL 1435292, at *6 (N.D. Cal. Apr. 9, 2013) (Noting, in food-labeling context, that "[a]s an initial matter, the Court notes that the heightened

---

[1] Diamond respectfully requests that this Court take judicial notice of a sample labels attached as Exhibits A and B to this Motion and the Request for Judicial notice filed concurrently with this Motion for the reasons stated in the Diamond Food's Request or Judicial Notice.

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  Rule 9 pleading standard applies to claims for false or deceptive advertising brought pursuant to the

2  UCL, FAL, or CLRA.”), citing *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir.2009);

3  *Herrington v. Johnson & Johnson Consumer Cos., Inc.,* No. C 09–1597 CW, 2010 WL 3448531, at

4  *7 (N.D. Cal. Sept.1, 2010).  In such cases, Rule 9(b) requires, amongst other things, that Plaintiff

5  attach the allegedly deceptive labels-at-issue.  *See Von Koenig v. Snapple Beverage Co.*, 713 F.

6  Supp. 2d 1066, 1077-78 (E.D. Cal. 2010); *Ries v. Hornell Brewing Co., Inc.*, No. 5:10-cv-01139,

7  2011 WL 1299286 (N.D. Cal. Apr. 4, 2011).

8      **C.     Rule 12(f)**

9          Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may also strike allegations

10  from a complaint that are “redundant, immaterial, impertinent, or scandalous,” and the Court has

11  considerable discretion in deciding whether to strike such allegations.  See Fᴇᴅ. R. Cɪᴠ. P. 12(f)(1);

12  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal.

13  2002).  An “immaterial” matter is one that has no essential or important relationship to the claim for

14  relief or the defenses being pleaded.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)

15  (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07

16  (1990)), rev'd on other grounds, 510 U.S. 517 (1994).  Additionally, an “‘impertinent’ matter

17  consists of statements that do not pertain, and are not necessary, to the issues in question.”  *Id.*

18  **V.     ARGUMENT**

19      **A.     Plaintiff Cannot State a Claim Based on Reduced Fat Chips Without Alleging
               which on the Various Alleged Reduced-Fat Representation(s) He Relied Upon.**
20

21          Plaintiff purports to represent a nationwide class of consumers who purchased Kettle Brand

22  Chips and Tias! tortilla chips that are labeled “reduced fat.”  (*See* Compl. ¶¶ 1, 13, 53; *id.*

23  Addendum 1.)  Accordingly, Plaintiff bears the burden of alleging the “specific content of the false

24  representations,”[2] in order to afford Diamond the opportunity to “defend against the charge.”[3]

25

26

27  _____

28  [2] *See Swartz*, 476 F.3d at 764.
    [3] *See Semegen*, 780 F.2d at 731.

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

1    While the Complaint alleges a variety of reduced-fat representations, Plaintiff never states

2    which of those representations he read and relied upon. For example, the Complaint alleges, "on

3    information and belief," that the front label of some Kettle Brand Reduced Fat Sea Salt Chips state

4    only "40% reduced fat potato chips," while other labels include the additional statement "40% less

5    fat than regular potato chips" at the bottom of the front label. (*See* Compl. ¶ 13.) As illustrated in

6    Exhibit A to this Motion, other Kettle Brand Reduced Fat Sea Salt Chips state "40% less fat than

7    regular potato chips," across the middle of the front label. The Complaint also alleges that the back

8    label of the bags contains similar "40% Reduced Fat" language. (*Id.*) Curiously, the Complaint

9    attaches two pictures of the back label of a particular chip, while excluding any pictures of the front

10   of that label (*see* Compl. ¶ 13; *id.* Addendum 3) And the Complaint does not allege whether the

11   pictures attached represent the label on the bag Plaintiff purchased, which they must be for Plaintiff

12   to survive this motion to dismiss. (*See Ries*, 2011 WL 1299286; *see also* footnotes 4-5, *infra*.)

13   Moreover, than specifying which representations he read and relied upon, as required,

14   Plaintiff generically alleges that he "read the label stating that the Reduced Fat Sea Salt Chips were

15   40 percent reduced fat." (Compl. ¶ 48.) Conspicuously absent are allegations as to whether and

16   where the "reference food" (Regular Potato Chips) was identified, which is at the heart of the

17   purported FDCA violation. Without such information, the Complaint does not allege the "specific

18   content of the [alleged] false representation," and thus, fails to satisfy Rule 9(b).

19   Significantly, the answer to the question of what specific reduced-fat language appeared on

20   the chips Plaintiff purchased may well dictate whether the Complaint gets past the pleading stage.

21   For example, the specific language may impact whether Plaintiff lacks Article III standing[4] and/or

22   statutory standing under the UCL, FAL, and CLRA,[5] on the grounds that, (1) the Complaint attempts

23   to impose different and additional requirements than those set forth in the FDCA, and is therefore,

24   expressly preempted;[6] (2) the safe-harbor doctrine prohibits Plaintiff's claims because the all-natural

25   language is clearly permitted by the FDCA;[7] and/or (3) it is implausible that Plaintiff relied on the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

---

26   [4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

27   [5] *See Williams*, 552 F.3d at 938 (*citing Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)); *Chobani*, 2014 WL 657300, at *5-7.

28   [6] *See, e.g. Brazil v. Dole Food Co.*, No. 12-cv-01831, 2013 WL 5312418 (N.D. Cal. Sep. 23, 2013).
     [7] *Cel-Tech Communications v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163, 182

7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   statement in the manner alleged.[8]  Defendant respectfully requests that this Court dismiss the

2   Complaint, and order Plaintiff to identify the specific representation upon which he relied, including

3   by providing **complete** copies of the labels he relied upon, including the label attached to the

4   Complaint as Addendum 3 (not just the back package), in order to afford Diamond the ability to

5   defend itself from Plaintiff's claims.[9]

6       **B.    The Complaint Should Be Dismissed Because Neither Plaintiff Nor a Reasonable
            Consumer Would Not Be Misled by the Challenged Labeling.**

7

8       To state a claim under the UCL, FAL, or CLRA, Plaintiff must plausibly allege that a

9   representation is likely to deceive a reasonable consumer.  *See Williams v. Gerber Prod. Co.*, 552

10  F.3d 934, 938 (9th Cir. 2008) (UCL, CLRA, and FAL) (*citing Freeman v. Time, Inc.*, 68 F.3d 285,

11  289 (9th Cir. 1995)); *Kane v. Chobani, Inc.*, No. 12-cv-02425, 2014 WL 657300, at *5-*7 (N.D. Cal.

12  Feb. 20, 2014) (unfair, fraudulent, and unlawful prongs of the UCL) (citation omitted).  While the

13  reasonable consumer "may be unwary or trusting," he is not the "least sophisticated consumer."

14  *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 506-07 (2003).  "'Likely to deceive' implies

15  more than a mere possibility that the advertisement might conceivably be misunderstood by some

16  few consumers viewing it in an unreasonable manner."  *Id.* at 508.  Rather, the advertisement must

17  be "such that it is probable that a significant portion of the general consumer public or of targeted

18  customers, acting reasonably in the circumstances, could be misled."  *Id.* at 508.

19      While the reasonable consumer test often involves questions of fact, "in certain

20  circumstances, the Court can properly make this determination and resolve such claims based on its

21  review of the product packaging."  *Pelayo v. Nestle USA, Inc* 2013 WL 5764644 (*citing Brockey v.*

22  *Moore*, 107 Cal. App. 4th 86, 100 (2003) ("[T]he primary evidence in a false advertising case is the

23  advertising itself.").  Thus, "where a Court can conclude as a matter of law that members of the

24  public are not likely to be deceived by the product packaging, dismissal is appropriate."  *Id.* (*citing*

---

25  (1999).
26  [8] *See Costco*, 2014 WL 1323192, at *5-7
27  [9] Plaintiff should also be required to amend the Complaint to attach exemplary labels for each of the
    products listed in Addendum 1 of the Complaint.  *See Ries*, 2011 WL 1299286 ("[T]o the extent the
    Plaintiffs seek to bring claims based upon other advertisements and marketing or based on other
28  labels not before the Court, the motion [to dismiss] will be granted with leave to amend.")

*Rooney v. Cumberland Packing Corp.,* No. 12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend a complaint alleging that "Sugar in the Raw" was deceptive because it was actually processed and not natural sugar); *Werbel v. Pepsico, Inc.,* No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) (holding that, as a matter of law, no reasonable consumer would be led to believe that "Cap'n Crunch's Crunch Berries" cereal contained real fruit berries despite the use of the word berries in the product); *Sugawara v. Pepsico, Inc.,* No. 2:08-cv-01335, 2009 WL 1439115 (E.D. Cal. May 21, 2009) (same); *Videtto v. Kellogg USA,* No. 2:08-cv-1324, 2009 WL 1439086 (E.D. Cal., May 21, 2009) (dismissing without leave to amend UCL, FAL and CLRA claims based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "real, nutritious fruit"); *McKinnis v. Kellogg USA,* No. 07-cv-2611, 2007 WL 4766060 (C.D. Cal., May 21, 2007) (same)).[10]

In assessing the legal sufficiency of plaintiff's allegations of deception, the Court may and should "draw on its judicial experience and common sense" and conduct a context-specific analysis. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> **1.    Neither Plaintiff Nor a Reasonable Consumer Would Be Misled By the "Reduced Fat" Representation.**

Plaintiff asserts that he and the reasonable consumer were misled into believing the Reduced Fat Chips have 40% less fat than their specific Kettle Brand alternatives, when in fact the chips have 40% less fat than "Regular Potato Chips."  It is simply implausible that Plaintiff or the reasonable consumer would have misinterpreted the label in this manner.  For example, Plaintiff alleges that he "read the label stating the Reduced Fat Sea Salt Chips were 40 percent reduced fat" (Compl. ¶ 48), and includes allegations regarding representations on both the front and back of the label (Compl. ¶¶ 13, 40-41; *id*. Addendum A.)  The pictures of the back label that Plaintiff attaches to the Complaint

---

[10] *See also Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. 11-15263, 2012 WL 1131526 (9th Cir. Apr. 5, 2012) (affirming dismissal of claims where reasonable consumer would not be misled by the terms "Original" and "Classic"); *Ang v. Whitewave Foods Co.*, Case No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013) (dismissing without leave to amend a complaint alleging that "milk" in product names, like Soymilk and Almond Milk, misleads consumers to believe that the products are from dairy cows); *Shaker v. Nature's Path Foods, Inc.,* Case No. CV-13-1138-GW, 2013 WL 679802 (C.D. Cal. Dec. 16, 2013) (dismissing without leave to amend a complaint alleging that packaging depicting a bowl of Optimum Cinnamon Blueberry Cereal garnished with dried strawberries misleads consumers to believe that the cereal contains dried strawberries).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

illustrate that, assuming Plaintiff did indeed "read the label" as alleged, he would have read the following two statements:  (1) "40% Reduced Fat"; and (2) "Kettle Brand® Reduced Fat Chips [have] 6g fat," while "Regular Potato Chips [have] 10g fat" per serving.  These statements make plain that Kettle Brand Reduced Fat Sea Salt Chips have 40% less fat than "Regular Potato Chips." It is implausible that Plaintiff or a reasonable consumer would have disregarded the express statements on the label comparing the chips to "Regular Potato Chips" and somehow inferred that the chips had 40% less fat than the narrow category of "Kettle Brand alternatives," which is never mentioned on the label. Without plausible allegations of actual or reasonable reliance, Plaintiff lacks standing to sue and the class allegations fall short of meeting the reasonable consumer standard.

### 2. Neither Plaintiff Nor a Reasonable Consumer Would Be Misled By the "All Natural" Representation.

#### (a) Plaintiff Fails to Plausibly Allege a Uniform Definition of "All Natural" Upon Which He and a Reasonable Consumer Would Rely.

To state a clam that Plaintiff and the reasonable consumer were somehow misled by the all-natural representations at issue, Plaintiff must plausibly allege an objective or subjective definition of the term "All Natural" upon which he and the putative class relied.  *Pelayo*, 2013 WL 5764644; *see also Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005; *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994).

In *Pelayo v. Nestle*, the Central District of California dismissed similar claims where plaintiff failed to state a uniform definition of the phrase "All Natural."[11]  2013 WL 5764644, at *3-6.  The plaintiff alleged that Nestle violated the UCL and CLRA by labeling Buitoni Pastas as "All Natural" even though the pastas contained allegedly unnatural ingredients, including maltodextrin (one of the ingredients at issue here).  *Id.* at *1-2, *4.  After reviewing a variety of proposed definitions for "All

---

[11] Earlier this week Judge Armstrong issued an Order Granting Defendant's Motion to Dismiss in *Surzyn v. Diamond Foods, Inc.*, a case involving similar all-natural claims against Diamond Foods. No. 4:14-cv-00136, Docket (N.D. Cal. May 28, 2014) (Docket No. 27.)  That opinion dismissed the complaint, with leave to amend, on the grounds that, (1) Plaintiff failed to specify which of the disputed products he purchased (*id.* at 9-10), and (2) the Complaint was devoid of facts that Plaintiff was personally exposed to an alleged "widespread marketing and advertising campaign" beyond the labels themselves (*id.* at 10).  Defendant acknowledges, however, that Judge Armstrong declined to adopt the analysis of *Pelayo*, and denied the portion of the motion that asked the Court to hold, as a matter of law, that plaintiff could not satisfy the reasonable consumer standard.  (*Id.* at 4-9.)

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    Natural," the court concluded that there is no consistent definition of the term. *Id.* at *4. As the

2    court in *Pelayo* noted, the FDA and FTC [have both] declined to adopt a definition of "natural"

3    because the term "may be used in numerous contexts and may convey different meanings depending

4    on that context."[12]   In light of the lack of an objective definition of "All Natural," the *Pelayo* court

5    concluded "it is implausible that 'a significant portion of the general consuming public of targeted

6    consumers' would be deceived by the use of the term "All Natural" on the Buitoni Pastas." *Id.* at

7    *5.[13]

8           Similarly here, rather than stating a uniform definition of the term "All Natural," Plaintiff

9    alleges one definition based on Webster's Dictionary[14] (*id.* ¶ 14), a second premised upon guidance

10   from the FDA[15] (*id.* ¶ 15), a third based upon a Consumer Survey[16] (*id.* ¶ 16), and a fourth based on

11   USDA regulations for meat and poultry[17] (*id.* ¶ 18).   As in *Pelayo*, the claim here that Plaintiff and

12   reasonable consumers were misled by the term "All Natural"– a phrase that the FDA and FTC have

13   declined to define and which Plaintiff is unable to define – is precisely the type of "[g]eneralized,

14   vague, and unspecified assertions" that courts have held to be "not actionable." *See Anunziato v.*

15   *eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); *Pelayo*, 2013 WL 5764644, at *3-6.

16   Plaintiff's inability to provide a plausible, or even consistent, definition of the phrase that forms the

---

17   [12] *Id.* at *5 (*citing* 75 Fed. Reg. 63552-01; *see also* 56 Fed. Reg. 60421, 60421-22, 60466 (Nov. 27,

18   1991) (FDA stating there is a lack of "scientific agreement about the meaning of the term" and
     "numerous inconsistencies" and "unanswered questions" in existing definitions "established by other

19   government agencies, other countries, state governments and industry."); Guides for the Use of
     Environmental Marketing Claims: Adoption of Revised Guides, 77 Fed. Reg. 62122, 62124 (Oct.

20   11, 2012) (FTC concluding that the term natural "lacks sufficient evidence on which to base general
     guidance for 'natural' claims.").

21   [13] *See also Balser v. Hain Celestial Group, Inc.,* No. CV 13-05604-R, 2013 WL 6673617, at *2
     (Dec. 18, 2013) ([I]t is undisputed that "natural" is a vague and ambiguous term. Plaintiffs aver that

22   "natural" means: "existing in or produced by nature; not artificial." This definition is implausible as
     applied to the products at issue: shampoos and lotions do not exist in nature, there are no shampoo

23   trees, cosmetics are manufactured. Thus Plaintiffs cannot plausibly allege they were deceived to
     believe shampoo was "existing or produced by nature."); *Thurston v. Bear Naked, Inc.,* No. 3:11-

24   CV-0189-H (BGS), 2013 WL 5664985, at *2 (S.D. Cal. July 30, 2013), at *14 (denying class
     certification, in part because "Plaintiffs fail to sufficiently show that 'natural' has any kind of

25   uniform definition among class members, that a sufficient portion of class members would have
     relied to their detriment on the representation, or that Defendant's representation of natural in light of

26   the presence of the challenged ingredients would be considered to be a material falsehood by class
     members.").

27   [14] Compl. ¶ 14.
     [15] Compl. ¶ 15.
     [16] Compl. ¶ 16.

28   [17] Compl. ¶ 18-19.

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   basis of the all-natural claim is fatal to his causes of action arising thereunder.  *See Pelayo*, 2013 WL

2   5764644, at *4.

### 3.   The Term "All Natural" Would Not Mislead a Reasonable Consumer in this Context.

5        Plaintiff has further failed to allege a subjective definition of "All Natural" that would have

6   misled Plaintiff or the reasonable consumer under the circumstances of this case.  Courts have

7   repeatedly held that label statements, like the "All Natural" statement here, cannot be viewed in

8   isolation.  Rather, the statement must be considered in the context of the entire package, including

9   the ingredient panel, which here expressly discloses the ingredient(s)-at-issue and delineates the

10  meaning of the "Natural Promise."  *See* Compl. Addendum 2; *Chin v. General Mills, Inc.*, No. 12-

11  2150, 2013 WL 2420455, at *5 (D. Minn. June 3, 2013) (holding, in context of warranty claim, that

12  packaging giving rise to claim must be read as a whole); *Hairston v. So. Beach Beverage Co., Inc.*,

13  2012 WL 1893818 at *5 ("To the extent there is any ambiguity [on the front label of the food-at-

14  issue], it is clarified by the detailed information in the ingredient list . . . [and] reasonable consumers

15  expect that the ingredient list contains more detailed information about the product that confirms

16  other representations on the packaging.") (internal quotation marks and citations omitted); *see also*

17  *Balser*, 2013 WL 6673617, at *2 (rejecting allegations "that "100% vegetarian" claims were

18  deceptive, where plaintiffs contended "that '100% vegetarian' means only from vegetable matter;"

19  holding that the "more common understanding is without animal products, which is how Defendants

20  use the term and Defendants' labels further clarify the meaning of the phrase.").)

21       Accordingly, in *Pelayo*, after concluding that there is no objective definition of "All

22  Natural," the court found that Plaintiff further failed to allege a subjective definition of the term that

23  would be misleading, on the grounds that the ingredients that allegedly rendered the food unnatural

24  were listed as ingredients elsewhere on the label. *Pelayo*, 2013 WL 5764644, at *5.  The court held,

25  "to the extent there [wa]s any ambiguity regarding the definition of "All Natural" . . . it [wa]s

26  clarified by the detailed information contained in the ingredient list."  *Id.* at *5 (*citing Rooney, supra*,

27  2012 WL 1512106, at *4-5 (S.D. Cal. Apr. 16, 2012) (holding that no reasonable consumer could be

28  deceived by label "Sugar in the Raw" because package stated in several places that the sugar was

DEFENDANT DIAMOND FOODS, INC.'S MOTION TO DISMISS AND STRIKE COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF SAME (CASE NO. 3:14-**cv**-02148-MMC)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   turbinado-sugar (a processed sugar)); *Morgan v. Wallaby Yogurt Co., Inc.,* No. 13-cv-00296, 2013

2   WL 5514563, at *8-9 (N.D. Cal. Oct. 4, 2013) (holding that claims that plaintiffs would not have

3   purchased the products if they had known the products contained sugar or dried cane syrup, "is

4   contradicted by the fact that the plaintiffs nonetheless purchased the products despite the fact that the

5   sugar content is listed right next to the ingredients list, as the images in their Complaint reflect");

6   *Gitson v. Trader Joe's Co.,* No. 13-cv-01333, 2013 WL 5513711, at *6-7 (N.D. Cal. Oct. 4, 2013)

7   (holding that reasonable consumer would not be deceived into thinking soy milk was dairy when the

8   label said it was not); *Viggiano v. Hansen Natural Corp.,* 944 F.Supp.2d 877, 889-893 (C.D. Cal.

9   2013) (finding that no reasonable consumer could be misled where statement of ingredients makes

10   the product's composition clear).

11         Similarly here, the all-natural representation appears on both the front of the label and on the

12   back, next to the Nutrition Facts panel, which expressly discloses the presence of two of the

13   ingredients Plaintiff alleges would have prevented his purchase of the products.  (*See* Compl.

14   Addendum 2 (listing paprika extract and citric acid as ingredients).)  As in *Pelayo*, this ingredient list

15   clarifies any ambiguity regarding the meaning of the "All Natural" representation with respect to

16   those ingredients.  (*See* Compl. Addendum 2.)  Plaintiff also challenges the natural-nature of

17   maltodextrin, an ingredient in some of the chips at issue, but the Complaint does not plausibly allege

18   that Diamond ever failed to disclose the presence of this ingredient.  To the contrary, as illustrated in

19   Exhibit B,[18] Diamond expressly lists the presence of maltodextrin on the labels for the products in

20   which it is an ingredient.  *See* Ex. B.  Similarly, Plaintiff's reliance "on information and belief,"

21   without any facts to support the allegation that non-GMO corn starch is used in the processing of

22   certain ingredients falls short of plausibly alleging the presence of non-GMO ingredients in Kettle

23   Chips.  (*See* Compl. ¶ 26.)  Plaintiff has not plausibly allege how a reasonable consumer would be

24   misled under these circumstances, and her complaint should be dismissed.  *See Pelayo¸* 2013 WL

25   5764644, at *5.

26

27

28   _____

[18] *See* footnote 1.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### C. Plaintiff's Vague Claims Regarding Website and Promotional Materials, Which Plaintiff Does not Allege to Have Read of Relied On, Should Be Stricken.

This dispute centers upon Kettle food labels, but Plaintiff nonetheless includes vague and unsupported allegations regarding website online, and/or "promotional" materials (collectively, the "Non-Label Material"). (Compl. ¶¶ 11, 13, 28, 93-95, 101-102; *id.* at fn. 1.) Notably, Plaintiff does not allege he viewed, let alone relied on, any of the Non-Label Material. Such unsupported allegations cannot survive a motion to dismiss or a motion to strike.

Article III of the U.S. Constitution affords standing only where a plaintiff alleges "a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). And as discussed above, statutory standing under the UCL, FAL, and CLRA requires allegations of reliance on the alleged misrepresentation. *See Williams,* 552 F.3d at 938 (*citing Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)); *Chobani,* 2014 WL 657300, at *5-7. Plaintiff, however, does not allege that he was even exposed to the Non-Label Material. And Plaintiff has not and cannot allege that his injury was caused by, or that he relied upon, Non-Label Material that he did not view. Accordingly, this Court should dismiss each of Plaintiff's claims relating to the Non-Label Material that Plaintiff did not view. *See, e.g. Brazil v. Dole Food Co., Inc.*, No. 12-cv-01831, 2013 WL 5312418, at *8-9 (N.D. Cal. Sept. 23, 2013) (dismissing claims to the extent they are based on statements that plaintiff did not view); *see also Dvora v. Gen. Mills, Inc.*, No. CV 11-1074-GW(PLAx), 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011) (Wu, J.) (no claim over website statements that plaintiff never read); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) (Huff, J.) (same).

Even if Plaintiff had alleged reliance on the Non-Label Material, these claims would fail due to the absence of any factual allegations supporting these claims. As stated above, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And allegations of fraud are subject to an even stricter pleading standard, which requires Plaintiff to plead the "who, what, when, where, and how" of the misconduct charged," (*Vess*, 317 F.3d at 1106), as well as facts explaining why the statement is false. *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1549 (9th Cir. 1994). The

14

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  Complaint fails to allege facts supporting the allegations of the alleged marketing or advertising

2  campaign and thus, fails to meet the general pleading requirements of *Twombly* and *Iqbal*, let alone

3  the heightened pleading requirements of Rule 9(b).  Accordingly, to the extent this Court does not

4  dismiss the Complaint in its entirety, Diamond respectfully requests that this Court dismiss or strike

5  the allegations in the Complaint relating to the Non-Label Material.  (Compl. ¶¶ 11, 13, 28, 93-95,

6  101-102; *id.* at fn. 1.)

7  **D.    Plaintiff Cannot State a Claim Under the Unlawful Prong of the UCL Without
          an Allegation of Reliance.**

8

9      The Complaint purports to state a claim under the unlawful prong of the UCL without an

10  allegation of reliance.  Specifically, Plaintiff alleges that (1) the products at issue are misbranded

11  under the UCL (Compl. ¶¶ 63-68); (2) misbranded products are "not capable of being held and . . .

12  [have] no economic value and [are] legally worthless" (Compl. ¶¶ 69-70); and thus, independent of

13  reliance, (3) Plaintiff and the class are entitled to restitution (*see* Compl. ¶ 71).  Courts in this district

14  have addressed and rejected this very theory of the unlawful prong of the UCL in similar food-

15  labeling cases.  For example, on March 31, 2014, Judge Davila held that "the actual reliance

16  requirement applies to Plaintiffs' claims under all prongs of the UCL," and "Plaintiffs cannot

17  circumvent the reliance requirement by simply pointing to a regulation or code provision that was

18  violated by the alleged label misrepresentation, summarily claiming that the product is illegal to sell

19  and therefore negating the need to plead reliance."  *Thomas v. Costco*, No. 5:12-cv-02908, 2014 WL

20  1323192 (N.D. Cal. Mar. 31, 2014), citing *Figy v. Amy's Kitchen*, No. 13-CV-03816-SI, 2013 WL

21  6169503 (N.D. Cal. Nov. 25, 2013); *Kwikset Corp. v. Sup. Ct.*,  51 Cal. 4th 310 (2011); *Wilson v.

22  Frito-Lay N. Am.*, 961 F. Supp. 2d 1134 (N.D. Cal. 2013); *Brazil*, 2013 WL 5312418, at *9; *see also

23  Leonhart v. Natures Path Food, Inc.*, No. 5:13-cv-0491, 2014 WL 1338161, at *8 (N.D. Cal. Mar.

24  31, 2014).  Diamond respectfully requests that this Court dismiss Plaintiff's cause of action under

25  the unlawful prong of the UCL for failure to state a claim.  For the same reason, Diamond

26  respectfully requests that this Court strike the repeated (and repeatedly rejected) allegations that

27  allegedly misbranded foods are somehow "legally worthless."  (Compl. ¶¶ 69-70. 79, 80. 89, 97,

28  104.)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### E.   Unjust Enrichment is Not a Cause of Action.

Plaintiff's final claim – Restitution Based on Quasi-Contract / Unjust Enrichment -- fails for the additional reason that there is no such cause of action under California law. *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("there is no action in California for unjust enrichment"); *Hameed v. IHOP Franchising, LLC*, No. 2:10-cv-02276, 2010 WL 4386705, at *3 (E.D. Cal. Oct. 28, 2010) ("the law is settled that unjust enrichment is not a cognizable claim under California law"). Moreover, this claim does nothing more than repeat the allegations that support the other claims in the Complaint (*see* Compl. ¶¶ 113-116). And "plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims." *In re Apple & AT&T iPad Unlimited. Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).

## VI.   CONCLUSION

For the foregoing reasons, Diamond respectfully requests the Court grant this motion to dismiss and/or strike the allegations of the Complaint as set forth herein.

Dated:  May 30, 2014                              WINSTON & STRAWN LLP


                                                   By:   */s/ Amanda L. Groves*
                                                          Amanda L. Groves
                                                          Attorneys for Defendant
                                                          DIAMOND FOODS, INC.