IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HALL,<br><br>　　　　Plaintiff,<br>　v.<br>DIAMOND FOODS, INC,<br>　　　　Defendant.<br>_____/ | No. C-14-2148 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Diamond Foods, Inc's "Motion to Dismiss and Strike Complaint," filed May 30, 2014. Plaintiff Richard Hall has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

Plaintiff alleges he purchased products manufactured by defendant, specifically, certain types of Kettle Brand Chips, and that he did so in reliance on assertedly false and misleading statements on the packaging. Based on said allegation, plaintiff brings seven causes of action. In the First, Second, and Third Causes of Action, plaintiff alleges the challenged statements violate § 17200 of the California Business & Professions Code, on the theory that the statements are, respectively, unlawful, unfair, and fraudulent. In the

---

[1] By order filed July 11, 2014, the Court took the matter under submission.

Fourth and Fifth Causes of Action, plaintiff alleges the challenged statements violate § 17500 of the Business & Professions Code, on the theory that the challenged statements are, respectively, misleading and untrue. In the Sixth Cause of Action, plaintiff alleges the challenged statements are misleading and thus violate the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784. In the Seventh Cause of Action, plaintiff alleges he is entitled to restitution based on quasi-contract.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

//

//

**DISCUSSION**

Defendant argues plaintiff fails to state a claim upon which relief can be granted and, consequently, the complaint should be dismissed or stricken.

**A. Claims Based on Statements Made on "Reduced Fat" Chips Packaging**

Each of plaintiff's seven causes of action is based, in part, on his allegation that defendant's "Reduced Fat Sea Salt Chips" product includes false and deceptive statements. In particular, plaintiff alleges, "the words '40% reduced fat potato chips'" appear across the center of the front of the bag, and the words "[t]hese Sea Salt chips have bold flavor and hearty crunch and 40% reduced fact" appear on the back of the bag (see Compl. ¶ 13); plaintiff alleges such statements are false and deceptive because, when compared to defendant's "regular Kettle Brand" Sea Salt Chips, the Reduced Fat Sea Salt Chips are "only reduced in fat by 33 percent" (see Compl. ¶ 44). Additionally, plaintiff alleges that on the "bottom of some but not all" of the bags, the words "40% less fat than regular potato chips" appear (see Compl. ¶ 13);[2] plaintiff alleges such statement is false and deceptive because regular potato chips are "an inappropriate reference food" (see Compl. ¶ 39). Finally, plaintiff alleges all of the above-quoted statements are false and deceptive because defendant "fail[s] to identify the reference food," i.e., "regular potato chips," "in immediate proximity to the 'reduced fat' claim." (See id.)

Defendant argues plaintiff's claims are subject to dismissal because plaintiff fails to allege which of the challenged statements he read and relied upon before he purchased the Reduced Fat Sea Salt Chips. The Court agrees.

First, the Court finds unpersuasive plaintiff's argument that a plaintiff need not plead reliance in order to bring a § 17200 claim contesting the lawfulness of a statement made on a consumer product. As the California Supreme Court has held, a plaintiff who challenges the lawfulness of a statement made on a consumer product may seek relief

---

[2] It is not clear from the allegation what plaintiff means by "bottom" of the bag, and the photographs provided as exhibits to the complaint do not include this particular statement.

3

1 under § 17200 only where such plaintiff was "deceived by [the] product's label into
2 spending money to purchase the product, and would not have purchased it otherwise."
3 See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 317 (2011).[3]

4     Second, although plaintiff alleges he "read the label stating that the Reduced Fat
5 Sea Salt Chips were 40 percent reduced fat" (see Compl. ¶ 48), such allegation lacks
6 sufficient specificity to provide fair notice of the statement(s) on which plaintiff assertedly
7 relied. If, for example, the allegation is intended to mean plaintiff read only the statement
8 on the front of the bag, plaintiff would lack standing to argue the statements on the back
9 and bottom of the bag are false and deceptive. If, however, the allegation is intended to
10 mean plaintiff read each statement identified in the complaint, it is unclear how plaintiff
11 would not have understood the 40% comparison on the front and back was with reference
12 to regular potato chips, given the statement on the bottom of the bag to that effect.

13     Accordingly, to the extent the complaint challenges statements on the Reduced Fat
14 Sea Salt Chips plaintiff purchased, the complaint is subject to dismissal, and the Court will
15 afford plaintiff leave to amend to identify the statement or statements on which he relied
16 when he purchased the product.

17 **B. Claims Based on Statements Made on "All Natural" Chips Packaging**

18     Each of plaintiff's seven causes of action is based, in part, on his allegation that he
19 purchased defendant's "Kettle Brand Backyard Barbecue Potato Chips," in reliance on
20 certain representations he read on the front and back of the package that caused him to
21 believe the product was "all natural and free of synthetic or chemical ingredients." (See
22 Compl. ¶¶ 47, 48.) Specifically, plaintiff states he read and relied upon the following
23 statements: "absolutely nothing artificial," "A NATURAL OBSESSION," "all natural potato

---

[3] Plaintiff's reliance on In re Steroid Hormone Product Cases, 181 Cal. App. 4th 145 (2010), and on Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523 (N.D. Cal. 2012), is misplaced. In both cases, the court, in considering a motion to certify a class with respect to a claim based on false statements on a label, found the lead plaintiff could establish reliance on a classwide basis. See In re Steroid, 181 Cal. App. 4th at 154-55; Ries, 287 F.R.D. at 537. In both cases, however, the lead plaintiff was required to show that he or she purchased the product at issue in reliance on the assertedly false statement. See In re Steroid, 181 Cal. App. 4th at 150, 154; Ries, 287 F.R.D. at 529-31.

4

chips," "great taste . . . naturally," "OUR NATURAL PROMISE," "Only all natural colors and flavors," "No preservatives," "Non-GMO ingredients," "Real food ingredients" (see Compl. ¶ 48 (emphasis and alteration in complaint)), and, "They taste so great because they are made from all natural, real food ingredients, the finest potatoes, natural oils and craft cooking methods" (see Compl. ¶¶ 12, 48). According to plaintiff, the above-referenced statements are false and deceptive because the product contains "synthetic ingredients, artificial flavors, and color additives such as citric acid, maltodextrin, and paprika extract for color." (See Compl. ¶ 23.)

Defendant argues that plaintiff's claims, to the extent based on the above-quoted "all natural" statements,[4] are subject to dismissal because, according to defendant, a reasonable consumer would not be misled by the challenged statements. As set forth below, the Court is not persuaded that said issue can be resolved at this stage of the proceedings.

A false advertising claim, whether brought under § 17200, § 17500, or the CLRA, is "governed by the 'reasonable consumer' test." See Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer standard, [the plaintiff] must show that members of the public are likely to be deceived." Id. (internal quotation and citation omitted).

Defendant first argues the "all natural" claims are subject to dismissal because "plaintiff fails to plausibly allege a uniform definition of 'all natural' upon which he and a reasonable consumer would rely." (See Def.'s Mot. at 10:12-13.) The Court disagrees with defendant's assessment of the complaint in that regard. Plaintiff, relying on dictionary definitions of the words "all" and "natural," alleges that the "all natural" representations "indicate[ ] to the average reasonable person that 'the whole extent or quantity of' the ingredients contained in the food product[ ] are 'produced or existing in nature; not artificial

---

[4] Defendant and plaintiff both refer to the challenged statements on the Backyard Barbecue Potato Chips as "all natural representations" (see Def.'s Mot. to Dismiss at 3:20; Pl.'s Opp. at 15:7-8), and make no distinction among such statements for purposes of their respective arguments.

5

1 or manufactured'." (See Compl. ¶ 14 (quoting Webster's New World Dictionary of the American Language, 2nd College Ed., at 36, 947).) Plaintiff also alleges that the results of a 2007 consumer study indicated the majority of respondents believed the term "natural" on a product label "meant that the product contained 100 percent natural ingredients, no artificial flavors, no artificial colors, no preservatives, [and] no chemicals." (See Compl. ¶ 16.) To the extent defendant argues that a reasonable consumer would not understand "all natural" to have the meaning alleged by plaintiff, the Court finds such argument premature. See, e.g., Surzyn v. Diamond Foods, Inc., 2014 WL 2212216, at *3 (N.D. Cal. May 28, 2014) (holding "question of whether consumers were deceived by an 'All Natural' designation must be resolved based on consideration of evidence – and not at the pleading stage") (citing cases); cf., e.g., Thurston v. Bear Naked, Inc., 2013 WL 5664985, at *7-8 (N.D. Cal. July 30, 2013) (holding, at class certification stage, plaintiff not entitled to proceed with claim that reasonable consumer would "view the presence of" glycerin, tocopherals, and potassium carbonate as contrary to "100% Natural" statement on label; finding plaintiff "fail[ed] to sufficiently show that 'natural' has any kind of uniform definition among class members," in part because "even the named plaintiffs disagree[d] about the definition of natural").

Defendant next argues the claims are subject to dismissal because "citric acid" and "paprika extract," two of the ingredients plaintiffs alleges are not "natural," are identified on the package in a section titled "Ingredients." (See Compl., Addendum 2, third page.)[5] Specifically, defendant argues, no reasonable consumer would be misled as to the composition of the product because the ingredients are disclosed. Where, as here, a plaintiff alleges a defendant has falsely labeled a product as "natural," however, the defendant cannot rely on contrary information in the ingredient list. See Williams, 552 F.3d at 939 (holding reasonable consumers should not be "expected . . . to discover the truth

---

[5]In the photograph of the package attached to the complaint, the "Ingredients" section appears to be either on the back or the side of the product (see Compl. Appendum 2, third page), and "maltodextrin," the third ingredient plaintiff alleges is not "natural," is not listed therein (see id.).

6

1  from the ingredient list"; explaining, "[w]e do not think that the FDA requires an ingredient
2  list so that manufacturers can mislead consumers and then rely on the ingredient list to
3  correct those misinterpretations and provide a shield for liability for the deception"). Rather,
4  as the Ninth Circuit has noted, "reasonable consumers expect that the ingredient list
5  contains more detailed information about the product that confirms other representations on
6  the packaging." See id. at 939-40.

7  Accordingly, to the extent plaintiff challenges the above-referenced "all natural"
8  representations on the Backyard Barbecue Potato Chips plaintiff purchased, defendant has
9  not shown the complaint is subject to dismissal.

**C. Claims Based on Statements in Promotional Materials and/or on Website**

Each of plaintiff's seven causes of action is based, in part, on his allegation that defendant's "promotional materials" and "website" include false and deceptive statements, specifically, that "Kettle Brand chips are 'natural' and 'all natural'" (see Compl. ¶ 11) and that its products do not have "chemical preservatives and artificial colors [and] flavors" (see Compl. ¶ 28); (see also Compl. ¶¶ 93-96, 101-02).

Defendant argues plaintiff fails to state a claim based on statements in its promotional materials or on its website, for the reason that plaintiff fails to allege he read any such statement prior to purchasing the products at issue. The Court agrees.

As discussed above, a plaintiff challenging a product statement under § 17200 must allege he was "deceived" by the statement and "would not have purchased [the product] otherwise." See Kwikset Corp., 51 Cal. 4th at 317. The same showing is required to bring a claim under § 17500. See id. Similarly, a plaintiff challenging a product statement under the CLRA must allege he was "exposed" to the statement and "suffered some kind of damage" as a result. See Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1556 (2011) (internal quotation and citation omitted). Because plaintiff does not allege he either

//
//
//

1 read defendant's "promotional materials"[6] or reviewed its website prior to purchasing the
2 products at issue, plaintiff fails to state a claim based on any statement in such materials or
3 on such website.[7]

4      Accordingly, to the extent the complaint challenges statements in defendant's
5 promotional materials or on its website, the complaint is subject to dismissal. The Court will
6 afford plaintiff leave to amend to identify any statement or statements, in the promotional
7 materials or on the website, on which he relied when he purchased the products identified
8 in the complaint.

9 **D. Claim Based on Quasi-Contract/Unjust Enrichment**

10      Plaintiff's Seventh Cause of Action is titled "Restitution Based on Quasi-Contract/
11 Unjust Enrichment." (See Compl. at 24:5.) Defendant argues said claim is subject to
12 dismissal, for the asserted reason that "unjust enrichment is not a cause of action." (See
13 Def.'s Mot. at 16:1.) The Court is not persuaded.

14      Although defendant is correct that "unjust enrichment" itself is "not a cause of
15 action," see McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004) (noting "[u]njust
16 enrichment" is a "general principle, underlying various legal doctrines and remedies")
17 (internal quotation and citation omitted), the term is "synonymous with restitution," see id.,
18 and "[c]ommon law principles of restitution require a party to return a benefit when the
19 retention of such benefit would unjustly enrich the recipient," see Munoz v. MacMillan, 195
20 Cal. App. 4th 648, 661 (2011). "[A] typical cause of action involving such remedy is 'quasi-
21 contract.'" Id. Consequently, the Seventh Cause of Action may proceed under a quasi-
22 contract theory. See, e.g., Khasin v. Hershey Co., 2012 WL 5471153 (N.D. Cal. November

---

[6]The complaint does allege that plaintiff read various "all natural" representations on the packaging of products he purchased (see Compl. ¶ 48); the complaint distinguishes, however, between "product labels" and "promotional materials" (see Compl. ¶ 11).

[7]In his opposition, plaintiff argues that the same or similar statements made by defendant elsewhere than on the packaging itself may be relevant with respect to the issue of whether defendant intended to engage in fraudulent conduct. The issue before the Court at this time, however, is whether plaintiff can state a claim based on statements he did not read, not the manner in which plaintiff may be able to prove claims based on statements he did read.

9, 2012) (denying motion to dismiss claim for "unjust enrichment," based on defendant's having made false representations on food label; construing such claim as one for "quasi-contract" given "absence of a valid and enforceable contract" between parties).[8]

Accordingly, defendant has not shown the Seventh Cause of Action is subject to dismissal other than to the extent it is based on statements made on the "Reduced Fat" chips and statements in promotional materials and on defendant's website.

## CONCLUSION

For the reasons stated above, defendant's motion is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of all claims that are based on statements appearing on the Reduced Fat Sea Salt Chips product, the motion is GRANTED.

2. To the extent the motion seeks dismissal of all claims that are based on statements in defendant's promotional materials and on its website, the motion is GRANTED.

3. In all other respects, the motion is DENIED.

4. If plaintiff wishes to file an amended complaint to cure the deficiencies identified above, any such amended complaint shall be filed no later than August 15, 2014. Plaintiff may not, however, add new claims without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2). If plaintiff does not amend by the deadline provided, the instant action will proceed on plaintiff's remaining claims.

//

//

---

[8]Defendant's reliance on Upham v. Fox, 2014 WL 1379607 (N.D. Cal. April 8, 2014) is misplaced. In Upham, this Court dismissed a claim for "unjust enrichment," because the plaintiff therein alleged the challenged conduct was covered by a contract between the parties. See id. at *4-5; see also Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203 (1996) (holding quasi-contract "cannot lie where there exists between the parties a valid express contract covering the same subject matter"). Here, plaintiff does not allege a contract exists between plaintiff and defendant.

1 | Lastly, in light of the above, the Case Management Conference is hereby
2 | CONTINUED from August 22, 2014 to October 31, 2014, at 10:30 a.m. A Joint Case
3 | Management Statement shall be filed no later than October 24, 2014.

**IT IS SO ORDERED.**

Dated: July 31, 2014

MAXINE M. CHESNEY
United States District Judge