IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD HALL,

    Plaintiff,

  v.

DIAMOND FOODS, INC,

    Defendant.

                                       /

No. C-14-2148 MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendant Diamond Foods, Inc's "Motion to Dismiss First Amended Class Action Complaint," filed September 2, 2014. Plaintiff Richard Hall has filed opposition; defendant has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 24, 2014, and rules as follows.

In the First Amended Complaint ("FAC"), plaintiff alleges that the packaging of certain of defendant's products contain false and misleading statements. By the instant motion, defendant argues the FAC is subject to dismissal to the extent the claims are based on the packaging of its Reduced Fat Sea Salt Chips product. Specifically, defendant argues, plaintiff has not sufficiently alleged standing, has not complied with Rule 9(b) of the Federal Rules of Civil Procedure, and has not alleged sufficient facts to satisfy

the reasonable consumer test applicable to plaintiff's claims. The Court considers defendant's arguments, in turn.

**A. Standing**

Plaintiff alleges the packaging of Reduced Fat Sea Salt Chips "features the words '40% reduced fat potato chips' prominently in a green band across the front center of the brown bag." (See FAC ¶ 13). According to plaintiff, such representation is "false and deceptive" because the product is "actually only reduced in fat by 33 percent" when compared to "regular Kettle Brand chips" (see FAC ¶¶ 45, 46), and because defendant's use of "regular potato chips" as the "reference food" is not identified in "immediate proximity" to the challenged statement (see FAC ¶ 39-41). Defendant argues plaintiff has failed to allege sufficient facts to establish his standing to assert claims based on the above-referenced allegations, under either Article III or under the three statutes on which he relies, specifically, (1) the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, (2) § 17200 of the California Business & Professions Code, and (3) § 17500 of the Business & Professions Code.

To establish "Article III standing," a plaintiff must have "suffered an injury in fact" that is "fairly traceable to the challenged conduct" and is "likely to be redressed by a favorable decision." See Mazza v. American Honda Motor Co., 666 F.3d 581, 594 (9th Cir. 2012) (internal quotation and citation omitted). To establish standing under the CLRA, a plaintiff must have incurred "damage" as a result of the defendant's challenged conduct, see Hinojos v. Kohl's Corp., 718 F.3d 1098, 1107 (9th Cir. 2013) (quoting Cal. Civ. Code § 1780(a)), and, to establish standing under § 17200 and § 17500, a plaintiff must have "suffered injury in fact" and "lost money or property" as a result of the defendant's challenged conduct, see id. at 1103-04 (quoting Cal. Bus. & Prof. Code §§ 17204, 17535). Where a plaintiff alleges a defendant has made misleading statements in connection with a product, the plaintiff satisfies Article III by establishing that, acting in reliance on the statements, he "bought [the product] when [he] otherwise would not have done so," see Mazza, 666 F.3d at 595, and, similarly, satisfies the statutory standing requirements of the

1 CLRA, § 17200, and § 17500 by establishing he "would not have made the purchase but
2 for the misrepresentation," see Hinojos, 718 F.3d at 1107-08.

3 Here, plaintiff alleges sufficient facts to satisfy the above-referenced standards. In
4 particular, plaintiff alleges that "[b]efore purchasing" Reduced Fat Sea Salt Chips, he "relied
5 only upon the statement '40% reduced fat potato chips,' which appeared in a large bright
6 green band across the middle of the principle display panel" (see FAC ¶ 50), that he
7 understood the statement to mean Reduced Fat Sea Salt Chips "were reduced in fat by the
8 stated percentage compared with [d]efendant's regular Sea Salt Chips or other regular
9 kettle chips" (see FAC ¶ 51), and that he "would not have purchased [Reduced Fat Sea
10 Salt Chips] but for the identified representation[ ]" (see id.). Although, as defendant
11 observes, plaintiff does not specifically allege that he read the statement, the Court finds it
12 reasonable to infer from his express allegation of reliance thereon that he in fact first read
13 it. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (holding, when deciding motion
14 to dismiss, "all material allegations of the complaint are accepted as true, as well as all
15 reasonable inferences to be drawn from them").

16 Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to
17 dismissal for lack of standing.

## B. Rule 9(b)

19 Pursuant to Rule 9(b), "[a]verments of fraud must be accompanied by the who, what,
20 when, where, and how of the misconduct charged." See Vess v. Ciba-Geigy Corp. USA,
21 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation and citation omitted). Defendant
22 argues plaintiff has not sufficiently alleged facts to meet the "what" and "when"
23 requirements of Rule 9(b).[1]

24 Defendant argues plaintiff fails to sufficiently allege "what" was represented to him,
25 because, defendant asserts, defendant has used "different labels" for the product and
26 plaintiff has not pleaded "with specificity whether the label he read and purchased

---

[1] Defendant contends, and plaintiff has not disputed, that all of his claims must be pleaded in conformity with Rule 9(b) of the Federal Rules of Civil Procedure.

1  contained some or all of the disputed statements." (See Def.'s Mot. at 8:27-28). The Court
2  disagrees. As noted above, plaintiff has identified the precise statement on which he relied.
3  Additionally, plaintiff has attached to the FAC a photograph of the front portion of the
4  packaging, which portion contains the statement on which he alleges he relied. (See FAC
5  Addendum 3.)

Second, defendant argues, plaintiff fails to sufficiently allege "when" the subject statement was made, as plaintiff does not allege the particular date on which he purchased the product. With respect to claims challenging labels of products, however, numerous district courts have found the "when" requirement satisfied where a plaintiff has identified the time frame in which the product with the challenged label was available for sale. See, e.g., Ang v. Bimbo Bakeries USA, Inc., 2013 WL 5407039, *2-3 (N.D. Cal. September 23, 2013) (holding plaintiffs satisfied Rule 9(b)'s "when" requirement by alleging challenged labels were placed on products for sale "since March 18, 2008 and through the defined Class Period") (citing other cases finding similar allegations sufficient for purposes of Rule 9(b)); Von Koenig v. Snapple Beverage Corp., 713 F. Supp. 2d 1066, 1077 (E.D. Cal. 2010) (holding, for purposes of Rule 9(b), plaintiff sufficiently established "time" requirement by alleging that "between March 4, 2005 and March 4, 2009, defendant used terms such as 'All Natural' and other similar terms in labeling its drink products"); see also Janney v. General Mills, 944 F. Supp. 2d 806, 817-18 (N.D. Cal. 2013) (holding plaintiffs satisfied Rule 9(b) where, with respect to time, complaint alleged each plaintiff purchased product with challenged label "during the class period"). The Court agrees with the holdings in such cases with respect to pleading the time of the challenged statement. Here, plaintiff alleges defendant made the challenged statement "[t]hroughout the class period" (see FAC ¶ 2)[2] and that he purchased the subject product "[d]uring the class period" on a date prior to September 16, 2013 (see FAC ¶¶ 48, 52), which allegations the

---

[2] Plaintiff alleges the "class period" began "four years prior to the filing of the Complaint," and "continue[s] to the present." (See FAC ¶ 53.) Given the initial complaint was filed on May 9, 2014, the class period began May 9, 2010.

4

1 Court finds sufficient.

Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to dismissal for failure to comply with Rule 9(b).

**C. Reasonable Consumer Test**

A false advertising claim, whether brought under the CLRA, § 17200, or § 17500, is "governed by the 'reasonable consumer' test." See Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer standard, [the plaintiff] must show that members of the public are likely to be deceived." Id. (internal quotation and citation omitted). Defendant argues plaintiff has failed to allege sufficient facts to support a finding that members of the public are likely to be deceived by the challenged "40% reduced fat potato chips" statement.

In that regard, defendant requests the Court take judicial notice of the entirety of the packaging, which, defendant asserts, includes the following three statements that would preclude members of the public from interpreting the challenged statement in the manner alleged by plaintiff, and, instead, would cause members of the public to understand the challenged statement to make a comparison between Reduced Fat Sea Salt Chips and regular potato chips: (1) the phrase "40% less fat than regular potato chips," located at what appears to be the very bottom of the front of the packaging (see Def.'s Req. for Judicial Notice, filed September 2, 2014, Ex. B); (2) the phrase "[t]hese Sea Salt Chips have bold flavor, hearty crunch and 40% less fat than regular potato chips," located on what appears to be the back of the packaging next to the ingredient list (see id.); and (3) the following language, which appears to be located on the back of the packaging above the ingredient list:

> Kettle Brand® Reduced Fat Potato Chips  6 g. fat*
> Regular Potato Chips  10 g. fat*
> *per serving

(see id.).

The Court finds defendant's argument premature at the pleading stage. First, as plaintiff points out, defendant has not authenticated the copy of the packaging it has

offered, and, consequently, the Court declines to take judicial notice of the proffered copy. See Woods v. Carey, — Fed. Appx. —, 2014 WL 2268046 (9th Cir. May 30, 2014) (declining to take judicial notice of "unauthenticated" transcript of proceeding). Second, even assuming defendant's request for judicial notice were granted, the text on the packaging is presented by defendant in a manner in which a consumer would not view it, namely, as a flat one-sided sheet of paper, as opposed to the manner in which it ordinarily would be viewed while on a store shelf containing potato chips. See Brown v. Hain Celestial Group, Inc., 913 F. Supp. 2d 881, 893 (N.D. Cal. 2012) (declining to take judicial notice of "proof"; agreeing with party opposing judicial notice that such exhibit, which "portray[ed] the principal display panel, the information panel and the ingredients list side-by-side," constituted "a distortion of the way in which consumers actually see the [p]roducts' labeling"). Lastly, the text on which defendant relies is, in each instance, set forth in type smaller than the challenged statement and not located near the center of the front of the packaging, where the challenged statement is placed. See Williams, 552 F.3d at 939 (reversing dismissal of false advertising claim where district court had found "package as a whole" was not deceptive; holding reasonable consumers should not be "expected to look beyond misleading representations on the front of the [packaging] to discover the truth from the ingredient list in small print on the side of the box").

  Defendant further argues that, even if a reasonable consumer would interpret the challenged statement in the manner asserted by plaintiff, the statement as so understood is not misleading. In support of said argument, defendant first points to plaintiff's allegation that Reduced Fat Sea Salt Chips have, in actuality, 33% less fat than defendant's regular version of Sea Salt Chips (see FAC ¶ 45), and then concludes a reasonable consumer would not be "misled by a seven percent (at most) variation in reduced fat" (see Def.'s Mot. at 13:15-19). In other words, according to defendant, a statement that a product has 40% less fat than the reference food does not differ materiality from a statement that such product has 33% less fat than the reference food. The Court declines to make, as a matter of law, a finding to that effect. See Williams, 552 F.3d at 938 (holding "whether a business

practice is deceptive will usually be a question of fact not appropriate for decision on demurrer").

Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to dismissal for failure to allege sufficient facts to satisfy the reasonable consumer test.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 21, 2014

MAXINE M. CHESNEY
United States District Judge